WILLIAM G. MALCOLM #129271       E-FILED DATE: 1/29/09
MALCOLM ♦ CISNEROS
2112 Business Center Drive
2nd Floor
Irvine, California 92612
Telephone:    (949) 252-9400
Telecopier:   (949) 252-1032

Counsel for CENTRAL MORTGAGE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN POLONSKI, JUANA POLONSKI,<br><br>        Plaintiffs,<br><br>    vs.<br><br><br>CENTRAL MORTGAGE COMPANY, a corporation in California, and DOES 1 – 10, Inclusive,<br><br>        Defendants. | Case No. 09-CV-0048 MCE KJM PS<br><br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AGAINST CENTRAL MORTGAGE COMPANY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [F. R. Civ. P. Rules 12(b)(6)]**<br><br>Date:    March 5, 2009<br>Time:    2:00 p.m.<br>Ctrm:   7 |

TO THE HONORABLE MORRISON C. ENGLAND, JR., UNITED STATES DISTRICT COURT JUDGE, PLAINTIFFS, AND PLAINTIFFS' ATTORNEYS OF RECORD:

       PLEASE TAKE NOTICE that on March 5, 2009 at 2:00 p.m., or soon thereafter as the matter may be heard in Courtroom 7 of the above entitled Court, located at 501 "I" Street #4-200, Sacramento, California 95814, Defendant CENTRAL MORTGAGE COMPANY ("CMC") will and hereby does move the Court to dismiss the Complaint herein for failure to state a claim upon which relief

1  may be granted. This Motion is made and based upon Rule

2  12(b)(6) of the Federal Rules of Civil Procedure. This Motion

3  will be based upon this Notice, the attached Memorandum of

4  Points and Authorities, and upon all pleadings, papers and

5  documents on file herein, together with those matters of which

6  judicial notice has been requested, and any oral argument which

7  may be presented at the time of the hearing.

8  Dated:  January 29, 2009

9                      MALCOLM ♦ CISNEROS

10

11          By:    /S/   William G. Malcolm

12                 WILLIAM G. MALCOLM
                   Attorneys for CENTRAL MORTGAGE COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs' complaint is so devoid of facts that none its causes of action sufficiently state a claim upon which relief can be granted by a court.

Plaintiffs vaguely refer to particular, apparently critical, documents without quoting their contents or providing any copies of them as exhibits.  Plaintiffs also refer to some kind of contract and an agreement between themselves and CMC without stating the nature of either or providing any copies thereof.

Essentially, Plaintiffs' Complaint constitutes nothing more than vague, formulaic recitation of the elements of various causes of action, with many key elements not plead at all, and which is profoundly lacking in specific facts and implausible on its face.  The Complaint is so vague that CMC is unable to determine whether any statute of limitations have run and has no notice of the nature of the claims Plaintiffs allegedly have against it.

Consequently, the Complaint should be dismissed.

### II.   STATEMENT OF FACTS

On January 7, 2009, Plaintiffs filed a Complaint For: 1. Fraud, 2. Usury, 3. Abuse Of Process, 4. Intentional Infliction Of Emotional Distress, and 5. Trespassing ("Complaint"), that Defendant now seeks to dismiss.

Plaintiffs' Complaint refers to the "UCC filing and

other documentation"[1], "an agreement"[2], "the Contract"[3], and "Promissory Note".[4] Plaintiffs failed to provide any copies of these documents as exhibits to the Complaint. Furthermore, the Complaint fails to plead any specific facts as to the nature of the documents, or their contents, and fails to provide any facts regarding any contract or agreement between the parties on which Plaintiffs clearly rely as the basis of their Complaint.

Moreover, the Complaint lacks any specifics as to time and place of improper acts, the contents of allegedly non-disclosed material facts, the identity of a single individual who conducted improper activities on behalf of CMC, and the nature and extent of the alleged damages Plaintiffs have incurred as a result of CMC's alleged but undisclosed conduct.

The lack of material facts precludes CMC from determining whether the statute of limitations has passed with respect to any of the causes of action or to give the required notice of the nature of the claims against it. Consequently, the Complaint fails to state any claim for which relief can be obtained.

## III. DISCUSSION

### A. Dismissal Or Summary Judgment Is Appropriate Under Rule 12(b)(6)

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6)." *McManus v. American Express*

---

[1] Complaint, p. 3, ¶ 7.
[2] *Id.*, p. 3, ¶ 8.
[3] *Id.*, p. 5, ¶ 18.
[4] *Id.*, p. 5, ¶ 19.

1  *Tax and Business Services, Inc.*, 67 F.Supp.2d 1083, 1086 (D.

2  Ariz. 1999).   Rule 12(b)(6) allows a defendant "to test whether,

3  as a matter of law, the plaintiff is entitled to legal relief

4  even if everything in the alleged complaint is true."   *Mayer v.*

5  *Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).   While the Court must

6  accept as true the complaint's material allegations and any

7  reasonable inferences that may be drawn from them, the Court may

8  disregard conclusory allegations that are wholly unsupported or

9  contradicted by the plaintiff's factual allegations. See *Holden*

10  *v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).

11          Review is limited to the contents of the complaint.

12  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.

13  1994).

14          However, exhibits attached to the complaint, as
        well as matters of public record may be considered in
15        determining whether dismissal was proper without
        converting to the motion to one for summary judgment.
16        See *Parks School of Business, Inc. v. Symington*, 51
        F.3d 1480, 1484 (9th Cir.1995); *Mack v. South Bay Beer*
17        *Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986).

18

19  *Carpenter v. FDIC (In re Carpenter)*, 205 B.R. 600, 604 (BAP 9th

20  Cir. 1997).

21          In the present case, Plaintiffs' Complaint mentions

22  a "UCC filing and other documentation", "an agreement", "the

23  Contract", and "Promissory Note".   As such, these documents or

24  any written memorials could be considered without converting the

25  12(b)(6) motion to a motion for summary judgment.   However,

26  Plaintiffs fail to provide any copies of these vaguely referred

27  to documents or written evidence as exhibits.   Clearly

28  Plaintiffs rely on all the above in the Complaint, but

5

1   mysteriously fail to plead any specific facts as to the nature

2   of the documents and/or any facts regarding any contract or

3   agreement.

4          In the past, courts held that a dismissal is warranted

5   only where "it appears beyond doubt that the Plaintiff *can prove*

6   *no set of facts* which would entitle him [or her] to relief."

7   *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d

8   80 (1957) (emphasis added).  The Supreme Court recently rejected

9   this formulation in *Bell Atlantic Corp. v. Twombly*, __ U.S. __,

10  127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and held that in order to

11  survive a motion to dismiss for failure to state a claim a

12  complaint must set forth "enough facts to state a claim for

13  relief that is *plausible on its face*."  *Id.*, 127 S.Ct. at 1974

14  (emphasis added).

15         Plaintiffs have failed to do so here.  Consequently,

16  the Complaint must be dismissed.

17        **B.    The First Cause of Action For Fraud Fails To**
              **State A Claim For Relief And Should Be Dismissed**
18
19         The first cause of action for fraud must be dismissed

20  for four reasons: Plaintiffs have failed to plead fraud with

21  particularity, the cause of action is too vague and implausible

22  on its face to set forth a claim for relief, CMC did not owe

23  Plaintiffs a fiduciary duty as claimed, and Plaintiffs fail to

24  state with particularity what damages were caused by CMC's

25  allegedly fraudulent acts.

26         Fed.R.Civ.P. 9(b) provides that "[i]n all averments of

27  fraud or mistake, the circumstances constituting fraud or

28  mistake shall be stated with particularity."   "The complaint

6

must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). "Further, a pleader must identify the individual who made the alleged representation and the content of the alleged representation." *In re Hansen Natural Corp. Sec. Litigation*, 527 F. Supp. 2d 1142, 1151 (C.D. Cal. 2007) (internal quotations and citation omitted). "[M]ere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

The first cause of action fails to identify the individual(s) who allegedly failed to disclose "certain facts" and also "went further to conceal such facts" and lacks any specifics as to time, place, and contents of the alleged non-disclosed information or concealed facts. Complaint, pp. 3 - 4, ¶¶ 7 - 16.

Plaintiffs' further alleged that CMC "concealed such material facts within their own files and records and used their titles as Officers to intimidate, and illegally steal the property of the Plaintiffs." See Complaint, pp. 3 - 4, ¶ 12. These statements also fail to provide any specifics as to time, place, and contents of the so-called "material facts," fail to identify the particular files and records containing such information, and fail to identify the so-called "Officers" who allegedly intimidated the Plaintiffs or the particular methods those unidentified persons used to intimidate them or steal the Property.

1    Plaintiffs also allege that they "Recently…came to
2  find that the Defendants…failed to disclose certain facts that
3  they were necessarily required to disclose, and went further to
4  conceal such facts known by each of the Defendants." See
5  Complaint, p. 3, ¶ 9.   This statement is vague and fails to
6  provide any specifics as to time, place, and manner of
7  Plaintiffs' so-called discovery.

8    Moreover, the fraud claim fails to meet the
9  requirement of the Supreme Court that a cause of action must set
10  forth "enough facts to state a claim for relief that is
11  plausible on its face." Bell Atlantic Corp. v. Twombly, supra,
12  127 S.Ct. at 1974.   Plaintiffs' vague allegation of "recently"
13  along with the Complaint's profound lack of any specifics as to
14  time, place, content of concealed material facts, and identity
15  of persons involved in the alleged acts makes Plaintiffs' fraud
16  claim implausible on its face.

17    Furthermore, Plaintiffs allege that "the Defendants…did
18  in Fact owe a Fiduciary duty to the Plaintiff(s) and an absolute
19  duty to disclose anything which might be relevant to fraudulent
20  activity by any of its associates and/or employees." See
21  Complaint, p. 3, ¶ 10.   This statement fails to identify the
22  individual(s) who entered into the alleged fiduciary relationship
23  for CMC and fails to provide any specifics as to time, place, and
24  manner in which this fiduciary relationship was created between
25  CMC and the Plaintiffs.   Thus, this is yet another example of
26  Plaintiffs' merely conclusory, insufficient allegations of fraud
27  and clearly falling short in stating a claim for relief.

28    California Civil Code § 2079.16 sets forth the

8

contents of a disclosure form that real estate listing or selling agents must provide to sellers and buyers of real property. The disclosure form identifies both buyer's and seller's real estate agents as fiduciaries. However, in the case at bench, the Complaint does not allege that Plaintiffs employed any of the defendants to buy or sell real estate. Other than a merely conclusory, insufficient allegation that CMC owed the Plaintiffs' a so-called fiduciary duty there are no facts plead that CMC played any role in the commercial transactions described in the Complaint other than as a lender or loan servicer.

A California Court of Appeal stated the following regarding claims of fiduciary duty:

> To the extent this cryptic allegation may be construed as pleading a breach of fiduciary duty, it fails as a matter of law. The relationship between a lending institution and its borrower-client is not fiduciary in nature. (*Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476-478 (1989).) A commercial lender is entitled to pursue its own economic interests in a loan transaction. (*Kruse v. Bank of America*, 202 Cal.App.3d 38, 67 (1988).) This right is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another. (*Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 221 (1983).)

*Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 (1991); See also *Okura & Co. v. Careau Group*, 783 F. Supp. 482, 494 (C.D. Cal. 1991)("Generally, the lender-borrower relationship is not a fiduciary relationship").

CMC acted merely as a lending institution having some form of borrower-client relationship with the Plaintiffs and thus was

9

1  entitled to pursue its own economic interests in the subject
2  transaction.   Therefore, CMC had no fiduciary duty to Plaintiffs
3  and Plaintiffs allegation of such was merely a cryptic
4  allegation insufficient in stating a claim for relief either as
5  an independent cause of action or an element of alleged fraud.

6          The first cause of action lacks any specifics as to
7  time and place of improper acts, the contents of allegedly non-
8  disclosed material facts, or the identity of a single individual
9  who conducted improper activities on behalf of CMC.   CMC cannot
10 determine whether the statute of limitations has passed with
11 respect to the cause of action because the Complaint fails to
12 provide the date, time, place or particulars of a single act
13 that allegedly violated a statue.

14         Additionally, the Plaintiffs fail to allege how and to
15 what extent they were damaged by CMC's alleged fraudulent
16 conduct.   Damages are a necessary element in a cause of action
17 for fraud.   See Cal. Civ. Code § 1709; *Nagy v. Nagy*, 210 Cal.
18 App. 3d 1262, 1268 (1989); *Wildey v. Seaver*, 111 Cal. App. 565,
19 568 (1931).   Consequently, Plaintiffs' fraud cause of action
20 fails to state a claim for relief.

21       **C.**   **The Second Cause of Action For Usury Fails To**
             **State A Claim For Relief And Should Be Dismissed**
22

23         The second cause of action for usury must be dismissed
24 for three reasons: Plaintiffs' cause of action is too vague and
25 implausible on its face to set forth a claim for relief, the
26 subject loan is exempted from usury claims under California law,
27 and Plaintiffs fail to state what damages were caused by CMC's
28 alleged usury.

California law provides as follows:

The restrictions upon rates of interest contained in Section 1 of Article XV of the California Constitution shall not apply to any loan or forbearance made or arranged by any person licensed as a real estate broker by the State of California, and secured, directly or collaterally, in whole or in part by liens on real property. For purposes of this section, a loan or forbearance is arranged by a person licensed as a real estate broker when the broker (1) acts for compensation or in expectation of compensation for soliciting, negotiating, or arranging the loan for another, (2) acts for compensation or in expectation of compensation for selling, buying, leasing, exchanging, or negotiating the sale, purchase, lease, or exchange of real property or a business for another and (A) arranges a loan to pay all or any portion of the purchase price of, or of an improvement to, that property or business or (B) arranges a forbearance, extension, or refinancing of any loan in connection with that sale, purchase, lease, exchange of, or an improvement to, real property or a business, or (3) arranges or negotiates for another a forbearance, extension, or refinancing of any loan secured by real property in connection with a past transaction in which the broker had acted for compensation or in expectation of compensation for selling, buying, leasing, exchanging, or negotiating the sale, purchase, lease, or exchange of real property or a business. The term "made or arranged" includes any loan made by a person licensed as a real estate broker as a principal or as an agent for others, and whether or not the person is acting within the course and scope of such license.

Cal. Civ. Proc. Code § 1916.1.

Plaintiffs' second cause of action is as follows:

18.    The Defendants, and all of them including Doe Defendants 1 to 10 Inclusive, Refused to honor the Contract.
19.    The Defendants, and all of them, including Doe Defendants 1 to 10 Inclusive, did not disclose to the Plaintiff(s) that their Promissory Note was the instrument used to secure the credit to purchase the home, and that the bank actually got paid up front on the home using the Plaintiff(s) purchasing, and then immediately sold the Promissory Note, and got paid on it again, without disclosing these facts, to the Plaintiff(s), and then charged interest on credit created by the Promissory Note, including Doe Defendants 1 to 10 Inclusive.
        *See Blacks Law Dictionary 6th Edition USURY*
*Charging an illegal rate of interest, an illegal contract for a loan or forbearance of money, goods, or things in action, by service was taken.  The bank never disclosed the fact that when the plaintiff signed the promissory note, the money for the loan was created, and the bank never lent money, they lent credit:*
20.    The Defendants, and all of them including Doe Defendants 1 to 10 Inclusive, agreed to violate the Plaintiff(s) rights, and acting in a bullish, and threatening manner, causing irreparable harm to the Plaintiff(s).

Complaint, pp. 4 - 5, ¶¶ 18 - 20.

Plaintiffs' second cause of action lacks any specifics as to time and place of improper acts or **_any_** indication of the so-called usurious interest rate CMC allegedly charged Plaintiffs. Plaintiffs fail to identify a single individual who conducted improper activities on behalf of CMC. The Complaint alleges "the Contract" but provides no details of it or any copy thereof.

Plaintiffs' cause of action is so vague that CMC cannot determine the claims against it or whether the statute of limitations has passed because it fails to provide the date, time, place or particulars of a single act that allegedly violated a statue or any other California law. In addition to misquoting Blacks Law Dictionary, it certainly is not the authority on which to bring a claim for usury in California.

Plaintiffs' claim is wholly unsupported by factual allegations and contains nowhere near "enough facts to state a claim for relief that is _plausible on its face_." Therefore, the second cause of action should be dismissed for failing to state a claim upon which relief can be granted.

Moreover, Plaintiffs apparently allege the subject loan was made in connection with purchase of their home. See Complaint, p. 5, ¶ 19. This is the kind of loan that is exempt from claims of usury pursuant to Cal. Civ. Proc. Code § 1916.1 and thus the Court has further foundation upon which to dismiss this cause of action for failing to state a claim for relief.

Lastly, Plaintiffs fail to allege how and to what extent they have been damaged by CMC's allegedly illegal conduct

and thus have precluded CMC from the required notice of the nature of the claims against it.

> D. **The Third Cause of Action For Abuse Of Process Fails To State A Claim For Relief And Should Be Dismissed**

The third cause of action for abuse of process must be dismissed for three reasons: Plaintiffs' cause of action is too vague and implausible on its face to set forth a claim for relief, the cause of action is in effect another claim of fraud and should be dismissed for the same reasons already discussed above, and Plaintiffs fail to state what damages were caused by CMC's alleged illegal conduct.

In California, abuse of process occurs via willful use of either a civil or criminal legal process against another to accomplish a purpose for which the process is not intended or designed for. *Spellens v. Spellens*, 49 Cal. 2d 210, 231 – 32 (1957). California courts have found "process" to include the entire range of procedures incident to litigation. *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 104 n.4 (1972).

Plaintiffs' third cause of action lacks any specifics as to time and place of improper acts or **_any_** legal process CMC allegedly abused or the identity of a single individual who conducted improper activities on behalf of CMC. Plaintiffs' cause of action is so vague that CMC cannot determine the claims against it or whether the statute of limitations has passed with respect to the cause of action because the Complaint fails to provide the date, time, place or particulars of a single act that allegedly violated a statue or any other California law.

Complaint, pp. 5 - 6, ¶¶ 22 - 26.

Plaintiffs' claim is wholly unsupported by their factual allegations and contains nowhere near "enough facts to state a claim for relief that is *plausible on its face*." Therefore, the third cause of action should be dismissed for failing to state a claim upon which relief can be granted.

The rest of Plaintiffs' third cause of action is in effect another allegation of fraud which, based on the discussion above, should also be dismissed for failing to state a claim upon which relief can be granted.

Additionally, the Plaintiffs fail to allege how and to what extent they were damaged by CMC's alleged abuse of process and thus have precluded CMC from the required notice of the nature of the claims against it.

**E.  The Fourth Cause of Action For Intentional Infliction Of Emotional Distress Fails To State A Claim For Relief And Should Be Dismissed**

The fourth cause of action must be dismissed for three reasons: Plaintiffs' cause of action is too vague and implausible on its face to set forth a claim for relief, cause of action fails to plead required elements, and cause of action is in effect another claim of fraud of which emotional distress is not recoverable in California for such conduct.

One may recover damages for intentional infliction of emotional distress if they suffer severe emotional injury caused by another's outrageous conduct that was intended to cause such harm, or with reckless disregard of the probability of causing, emotional distress. *Dove v. PSN Stores, Inc.*, 982 F. Supp.

1420, 1423 (C.D. Cal. 1997); *Wilkins v. National Broad Co.*, 71 Cal. App. 4th 1066, 1087 (1999).   The distress must be serious or severe versus trivial or transitory.   *Bogard v. Employers Casualty Co.*, 164 Cal. App. 3d 602, 617 (1985).   Conduct is considered outrageous when it exceeds all bounds of common decency tolerated by a civilized society.   *Molko v. Holy Spirit Ass'n*, 46 Cal. 3d 1092, 1122.

> Plaintiffs' cause of action is as follows:

> 28.    The Defendants and all of them, including Doe Defendants 1 to 10 Inclusive, intentionally, recklessly and without regard to the probability of the emotional distress their conduct would cause to The Plaintiff(s), intentionally provided false information, and even physically came onto THE PROPERTY without the expressed written permission of the Plaintiff(s).   And, "BUT FOR" the unjustified malicious and callous conduct on the part of the Defendants, the Doe Defendants, and all of them, the Plaintiff(s) ESTEBAN POLONSKI. AND JUANA POLONSKI, would not have suffered damages from the continued intrusion by the Defendants and all of them.

> Complaint, pp. 6 - 7, ¶ 28.

Plaintiffs' fourth cause of action lacks any specifics as to time and place of improper acts or the identity of a single individual who conducted improper activities on behalf of CMC.   Plaintiffs' cause of action is so vague that CMC cannot determine the claims against it or whether the statute of limitations has passed with respect to the cause of action because the Complaint fails to provide the date, time, place or particulars of a single act that allegedly violated a statue or any other California law.

Plaintiffs' claim is wholly unsupported by their factual allegations and contains nowhere near "enough facts to state a claim for relief that is *plausible on its face*." Therefore, the fourth cause of action should be dismissed for

1  failing to state a claim upon which relief can be granted.

2      The Supreme Court recently observed, "While a
3  complaint attacked by a Rule 12(b)(6) motion to dismiss does not
4  need detailed factual allegations, … a plaintiff's obligation to
5  provide the 'grounds' of his 'entitle[ment] to relief' requires
6  more than labels and conclusions, and a formulaic recitation of
7  the elements of a cause of action will not do …." *Bell Atlantic
8  Corp. v. Twombly*, supra, 127 S.Ct. at 1964-65. Even though
9  Plaintiffs attempted a merely formulaic recitation of the
10 elements of this cause of action, they failed in pleading
11 critical elements thereof.

12     Plaintiffs failed to claim they had suffered any
13 severe emotional distress and failed to state how and by whom
14 such emotional distress was actually caused. Despite claiming
15 that provision of "false information" and that someone
16 "physically came onto" the Property was involved, the Plaintiffs
17 do not claim this was directed at them and fail to indicate just
18 how, when, and by whom this was done. Therefore, Plaintiffs
19 failed to plead the elements of severe emotional distress and
20 causation.

21     Additionally, Plaintiffs failed to plead that CMC
22 engaged in any outrageous conduct. Examples of what California
23 courts have found to be outrageous conduct are: Threats of
24 violence against a husband, his wife and children if husband did
25 not rejoin the wife and family, *Kiskeskey v. Carpenters' trust
26 for So. California*, 144 Cal. App. 3d 222, 229 – 30 (1983);
27 Process server pounding on plaintiffs' door at midnight in a
28 load and boisterous manner which woke up plaintiffs and their

1  neighbors, *Golden v. Dungan*, 20 Cal. App. 3d 295, 310 (1971);
2  and sexual assault of a minor, *DeRose v. Carswell*, 196 Cal. App.
3  3d 1011, 1024 n.6 (1987).  Providing allegedly false information
4  and coming on someone's property without consent are hardly the
5  kind of conduct that would be deemed "outrageous" and as such
6  Plaintiffs have failed to plead yet another required element for
7  this cause of action.

8      To the extent Plaintiffs' fourth cause of action is
9  yet another allegation of fraud (providing "false information"),
10  based on the discussion above, should also be dismissed for
11  failing to state a claim upon which relief can be granted.

12      Additionally, California courts have determined that
13  insofar as the claim for emotional distress is based on the same
14  conduct alleged to show fraud, no recovery is permitted.
15  Emotional distress is not recoverable as an element of damages
16  for fraud.  *Kruse v. Bank of Am.*, 202 Cal. App. 3d 38, 67-68
17  (1988) (citing *Channell v. Anthony*, 58 Cal.App.3d 290, 315
18  (1976); *O'Neil v. Spillane*, 45 Cal.App.3d 147, 159 (1975).)
19  Therefore, Plaintiffs' claim for emotional distress based on
20  CMC's alleged provision of false information, i.e., fraud,
21  should be dismissed for failure to state a claim of relief.

22      F.   **The Fifth Cause of Action For Trespassing Fails**
23           **To State A Claim For Relief And Should Be**
             **Dismissed**

24      The fifth cause of action must be dismissed for three
25  reasons: Plaintiffs' cause of action is too vague and
26  implausible on its face to set forth a claim for relief, cause
27  of action fails to plead required elements, and Plaintiffs fail

28

17

to allege how and to what extent they had incurred any damage as a result of CMC's alleged trespass.

Trespass is unlawful interference with one's possession of real property. *Staples v. Hoefke*, 189 Cal. App. 3d 1397, 1406 (1987). Liability can be imposed for intentional, reckless, negligent, or ultra-hazardous activity and may be committed by consequential and indirect injury as well as by direct and forcible injury. *Wilson v. Interlake Steel Co.*, 32 Cal. 3d 229, 232-33 (1982). Actual possession by plaintiff, or right of possession superior to that of trespasser, is required. *Smith v. Cap Concrete, Inc.*, 133 Cal. App. 3d 769, 774 (1982); *Posey v. Leavitt*, 229 Cal. App. 3d 1236, 1245 – 46 (1991).

Plaintiffs' fifth cause of action for trespassing is as follows:

> 30.   The Defendants and all of them, including Doe Defendants 1 to 10 Inclusive, did knowingly and willingly **TRESSPASS** on private Land protected by a Federal Land Patent, after seeing signs posted and the penalty for **TRESSPASSING** then knowingly and willingly accepted the contract, AND **TRESSPASSED**.

Plaintiffs' fifth cause of action lacks any specifics as to date and time, how the "private Land" was trespassed upon, what or whose "private Land" was trespassed upon, or the identity of a single individual who conducted such alleged improper activities on behalf of CMC. Plaintiffs' statement that CMC "knowingly and willingly accepted the contract" is so vague it is unintelligible.

Plaintiffs' cause of action for trespassing is so vague that CMC cannot determine the claims against it or whether the statute of limitations has passed with respect to the cause of action because the Complaint fails to provide the date, time,

18

1   place or particulars of a single act that allegedly violated a

2   statue or any other California law.

3         Plaintiffs' claim, like all other causes of action in

4   their Complaint, is wholly unsupported by their factual

5   allegations and contains nowhere near "enough facts to state a

6   claim for relief that is *plausible on its face.*" Therefore, the

7   fifth cause of action should be dismissed for failing to state a

8   claim upon which relief can be granted.

9         Furthermore, Plaintiffs fail to even make a mere

10  formulaic allegation of trespass by not pleading critical

11  elements thereof. For example, Plaintiffs fail to identify that

12  CMC has interfered with their rights to possession or just how

13  CMC allegedly accomplished this interference. Also, Plaintiffs

14  fail to state the nature of their possessory rights or how they

15  were superior to those of CMC.

16        Lastly, Plaintiffs failed to provide any claims as to

17  what kind and to what extent the "private Land" was damaged and

18  thus have precluded CMC from the required notice of the nature

19  of the claims against it.

20        This cause of action, like all the others, is too

21  vague to put CMC on notice of the claims against it, fails to

22  provide enough facts for relief that is plausible on its face,

23  and fails to even offer even a proper, merely formulaic,

24  recitation of the elements of the cause of action and as such

25  should be dismissed.

26  **IV.  CONCLUSION**

27        In order to survive a motion to dismiss for failure to

28  state a claim a complaint must set forth "enough facts to state

a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, supra*, 127 S.Ct. at 167. Plaintiffs' Complaint constitutes nothing more than vague, formulaic recitation of the elements of various causes of action, with key elements not plead at all, and which is profoundly lacking in specific facts and implausible on its face. As such, the Complaint should be dismissed.

Dated: January 29, 2009

MALCOLM ♦ CISNEROS

By:___/s/ William G. Malcolm_____
WILLIAM G. MALCOLM
Attorneys for CENTRAL MORTGAGE COMPANY

1

**PROOF OF SERVICE**

2

3        I am employed in the County of Orange, State of California.  I am over the age

4    of eighteen and not a party to the within action.  My business address is 2112 Business

5    Center Drive, Second Floor, Irvine, California 92612.

6        On January 29, 2009 I served the following document described as:

7    **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AGAINST CENTRAL**

8    **MORTGAGE COMPANY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF**

9    **MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT**

10   **THEREOF [FRCP RULE 12(b)(6)]**

11       On the following interested parties in this action:

12   **SEE ATTACHED SERVICE LIST**

13   [x  ]        <u>VIA MAIL -- CCP §§ 1013(a); 2015.5</u>: By placing a true copy thereof enclosed in
             a sealed envelope(s) addressed as above, and placing each for collection and mailing on
14           the date following ordinary business practices.  I am readily familiar with my firm's
             business practice and collection and processing of mail with the United States Postal
15           Service and correspondence placed for collection and mailing would be deposited with
             the United States Postal Service at Irvine, California, with postage thereon fully prepaid
16           that same day in the ordinary course of business.

17   [  ]        <u>VIA FACSIMILE</u>: By faxing a true copy thereof to the Facsimile Number indicated
             above, and obtaining a confirmation receipt that the transmission of the document was
18           successful.

19   [ ]        <u>VIA OVERNIGHT DELIVERY</u>: By placing a true copy thereof enclosed in a sealed
             next business day envelope, and placing each for collection and mailing on said date
20           following ordinary business practices.

21   []        <u>VIA PERSONAL DELIVERY</u>: By placing a true copy thereof enclosed in a sealed
             next envelope, and causing such envelope to be personally delivered to the address
22           listed on the attached service list.  A separate proof of service by the party who delivered
             the envelope is available upon request.

23

24       I declare under penalty of perjury, under the laws of the State of California that

25   the foregoing is true and correct.  Executed January 29, 2009 at Irvine, California.

26

27                                    _Melissa D. Fusco_
                                     MELISSA D. FUSCO

28

1

**POLONSKI v. CMC**
**CASE NUMBER: 2:09-CV-00048 MCE**
2                                    **SERVICE LIST**

3

**PLAINTIFF IN PRO SE:**
4    Esteban Polonski
     Juana Polonski
5    P.O. BOX 410985
     San Francisco, CA 94141
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MDF:/MC27740 POS.wpd